UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANILO PEREZ and WALTER PEREZ,                Case No.

                Plaintiffs,

    -vs.-
                                          **COMPLAINT**

ISLAND HILLS STABLE, LLC., JUAN RAMON
RODRIGUEZ and DIANE KEEGAN,

                Defendants.
-----------------------------------------------------------------X

Plaintiffs, DANILO PEREZ and WALTER PEREZ, by and through their attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

### *THE PARTIES*

1. Plaintiff, DANILO PEREZ (hereinafter "Danilo") is an individual residing in Huntington Station, New York.

2. Plaintiff, WALTER PEREZ (hereinafter "Walter") is an individual residing in Huntington Station, New York.

3. Upon information and belief, Defendant ISLAND HILLS STABLE, LLC. (hereinafter "Island Hills") was and is a domestic corporation whose principal place of business is located at 26 Rocky Point Road, Middle Island, NY 11953.

4. Upon information and belief, Defendant JUAN RAMON RODRIGUEZ, (hereinafter "Rodriguez") is an individual, whose actual place of business is located at 26 Rocky Point Road, Middle Island, NY 11953.

5. Upon information and belief, at all times herein pertinent, Defendant Rodriguez, served as a principal, officer and/or manager of Defendants Island Hills.

6. Upon information and belief, Defendant DIANE KEEGAN, (hereinafter "Keegan") is an individual, whose actual place of business is located at 26 Rocky Point Road, Middle Island, NY 11953.

7. Upon information and belief, at all times herein pertinent, Defendant Keegan, served as a principal, officer and/or manager of Defendants Island Hills.

8. Upon information and belief, for the calendar year 2014 the gross receipts of Island Hills were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2015 the gross receipts of Island Hills were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2016 the gross receipts of Island Hills will not be less than $500,000.00.

## *JURISDICTION AND VENUE*

11.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4 and other appropriate rules, regulations, statutes, and ordinances.

12.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

15.     Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

16. Island Hills operates as a horse stable which is capable of and usually stables more than 50 horses.

17. Plaintiff Danilo was employed by the Defendants from on or about June 1, 2014 until on or about December 4, 2015.

18. Plaintiff Danilo was assigned various duties including but not limited to cleaning stables and caring for horses by feeding, brushing and making sure they were keep warm with covers.

19. Plaintiff Danilo worked Thursdays through Mondays, inclusive, from 7 AM until 6 PM and then again from 8 PM until 10 PM, and Tuesdays from 7 AM until 6 PM with Wednesdays as his day off.

20. Plaintiff Danilo was compensated $450.00 per work week.

21. In addition to the compensation above, Plaintiff Danilo was also given lodging. Upon information and belief this lodging was worth $500.00 per month.

22. Plaintiff Walter was employed by the Defendants from on or about December 15, 2014 until on or about September 15, 2015.

23. Plaintiff Walter was assigned various duties including but not limited to cleaning stables and caring for horses by feeding, brushing and making sure they were keep warm with covers.

24. Plaintiff Walter worked Fridays through Tuesdays, inclusive, from 7 AM until 6 PM and then again from 8 PM until 10 PM, and Wednesdays from 7 AM until 6 PM with Thursdays as his day off.

25. Plaintiff Walter was compensated $450.00 per work week.

26. In addition to the compensation above, Plaintiff Walter was also given lodging. Upon information and belief this lodging was worth $500.00 per month.

27. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times their regular rate of pay for those hours.

28. Defendants failed to pay Plaintiffs the full statutory minimum wage for those hours they worked up to 40 in a given work week.

29. Defendants failed to Pay Plaintiffs spread of hours pay.

30. Defendants Rodriguez and Keegan had the power to hire employees at Island Hills, and hired Plaintiff Danilo on or about June 1, 2014 and Plaintiff Walter on or about December 15, 2014.

31. Upon information and belief, Defendants Rodriguez and Keegan had the power to fire employees at Island Hills.

32. Upon information and belief, Rodriguez terminated Plaintiff Danilo on or about December 4, 2015 and Plaintiff Walter on or about September 15, 2015.

33. Defendant Rodriguez controlled the terms of Plaintiffs employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

34. Upon information and belief, Defendant Rodriguez controlled the work schedule of all of the employees of Island Hills, including the Plaintiffs work schedules.

35. Upon information and belief, Defendants Rodriguez and Keegan controlled the rates and methods of payment of each of the employees of Island Hills, including the Plaintiffs pay rates and methods of pay.

36. At all times herein pertinent, the Plaintiffs performed their duties for Defendants Island Hills, at the direction and under the control of Defendants Rodriguez and Keegan.

37. Upon information and belief, and at all times herein pertinent, Defendant Rodriguez and Keegan exercised close control over the managerial operations of Island Hills, including the policies and practices concerning employees.

38. At all times herein pertinent, Defendants Rodriguez and Keegan controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and

firing and as to wages with respect to the employees of Island Hills in general, and with respect to the Plaintiff in particular.

39.	At all times herein pertinent, Defendants Rodriguez and Keegan acted as Plaintiffs' employers within the meaning of the FLSA and the New York State Labor Law.

40.	The Defendants did not create or maintain records showing the precise number of hours Plaintiffs worked or of wages or tips earned.

41.	Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiffs worked and/or of wages earned but upon information and belief, has not maintained them as required by law.

42.	Defendant failed to furnish Plaintiffs with proper annual wage notices, as required by the NYLL.

43.	Defendants failed to furnish Plaintiffs with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

44.	Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

46. The Defendants herein knowingly and willfully violated 29 U.S.C. § 206 by failing to pay the Plaintiffs the applicable minimum wage.

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

47. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

49. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay the Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

50. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

51. The Defendants herein willfully and in bad faith violated Article § 650 by failing to pay the Plaintiffs the applicable minimum wage.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

52. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

53. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay the Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs regular rate of pay.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS)*

54. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay the Plaintiffs, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

56. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57. Defendants have willfully failed to furnish Plaintiffs with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in

accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

58. Through their knowing or intentional failure to provide the Plaintiffs with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS)

59. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60. Defendants have willfully failed to furnish the Plaintiffs with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

61.     Through their knowing or intentional failure to provide the Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

a) awarding back pay for minimum wages due and owing to the Plaintiffs;

b) awarding back pay for overtime pay due and owing to the Plaintiffs;

c) awarding back pay for spread of hours pay due and owing to the Plaintiffs;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiffs statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
         January 14, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

*[signature]*

Amit Kumar (AK0822)
Attorneys for the Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52863

To:

ISLAND HILLS STABLE, LLC.
26 Rocky Point Road
Middle Island, NY 11953

JUAN RAMON RODRIGUEZ
26 Rocky Point Road
Middle Island, NY 11953

DIANE KEEGAN
26 Rocky Point Road
Middle Island, NY 11953

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANILO PEREZ and WALTER PEREZ,                    Case No.

                    Plaintiffs,

    -vs.-

ISLAND HILLS STABLE, LLC., JUAN RAMON
RODRIGUEZ and DIANE KEEGAN,

                    Defendants.
------------------------------------------------------------------X

## COMPLAINT

LAW OFFICES OF WILLIAM CAFARO
Attorneys for the Plaintiffs
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52863